| PROB 22 (Rev. 01/24) | | | DOCKET NUMBER *(Tran. Court)* | |
|---|---|---|---|---|
| | | | 3:18-CR-164-SDD-EWD(3) | |
| **TRANSFER OF JURISDICTION** | | | DOCKET NUMBER *(Rec. Court)* | |
| | | | 24tp60029-Dimitrouleas | |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | | DIVISION | |
| | Middle District of Louisiana | | Baton Rouge | |
| RAYMOND B. MATHEWS | NAME OF SENTENCING JUDGE | | | |
| Oakland Park, Florida | Honorable Shelly D. Dick, Chief U.S. District Judge | | | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM | | TO |
| | | 11/09/2023 | | 11/08/2028 |

OFFENSE
Count 1: Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349 and 2

FILED BY _____ **AR** _____ D.C.

**Aug 29, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, Familial and social support, no ties to district in which convicted

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ **MIDDLE** _____ DISTRICT OF _____ **LOUISIANA** _____

     IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ SOUTHERN DISTRICT OF FLORIDA _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

            **7/31/2024**
               Date                         United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ **SOUTHEN** _____ DISTRICT OF _____ **FLORIDA** _____

     IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

       Effective Date                       United States District Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: 3:18-CR-00164-SDD-EWD(3) |
| | § | USM Number: 09120-095 |
| RAYMOND B. MATHEWS, A/K/A "BO" AND | § | J. Rodney Baum |
| "BOOT" | § | Defendant's Attorney |
| | § | |

**THE DEFENDANT:**

| ☒ | pleaded guilty to count(s) | 1 of the Indictment |
|---|---|---|
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1349 & 18:2 / Conspiracy to Commit Bank Fraud | 10/31/2017 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Count(s) 2, 3, 4 and 5   ☐ is   ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 9, 2021
Date of Imposition of Judgment

Signature of Judge

**SHELLY D. DICK**
UNITED STATES DISTRICT CHIEF JUDGE
Name and Title of Judge

7/1/2021
Date

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Judgment — Page 2 of 9

DEFENDANT:        RAYMOND B MATHEWS
CASE NUMBER:      3:18-CR-00164-SDD-EWD(3)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

## 48 months.

☒  The court makes the following recommendations to the Bureau of Prisons:
    The defendant be placed in a facility capable of providing cognitive-behavioral treatment, educational training and vocational training.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at                    ☐  a.m.  ☐  p.m.  on

    ☐  as notified by the United States Marshal.

☒  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on
    ☐  as notified by the United States Marshal.
    ☒  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) Judgment in a Criminal Case

DEFENDANT:        RAYMOND B MATHEWS
CASE NUMBER:      3:18-CR-00164-SDD-EWD(3)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **five years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☒ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case                                    Judgment -- Page 4 of 9

DEFENDANT:      RAYMOND B MATHEWS
CASE NUMBER:    3:18-CR-00164-SDD-EWD(3)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, or if placed on probation, within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19) Judgment in a Criminal Case                                          Judgment -- Page 5 of 9

DEFENDANT:          RAYMOND B MATHEWS
CASE NUMBER:        3:18-CR-00164-SDD-EWD(3)

## SPECIAL CONDITIONS OF SUPERVISION

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must assist in the cost of the testing, as approved by the probation officer. You must not attempt to obstruct or tamper with the testing methods.

You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the cognitive-behavioral treatment program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must participate in an educational services program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You must pay the costs of the educational services program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training. You must pay the costs of the vocational services program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges, or open additional lines of credit, without the approval of the probation officer.

If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court, through the probation officer, of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Judgment -- Page 6 of 9

DEFENDANT:        RAYMOND B MATHEWS
CASE NUMBER:      3:18-CR-00164-SDD-EWD(3)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100.00 | $224,068.00 | $.00 | $.00 | $.00 |

☐    The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☒    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C.
§ 3664(i), all nonfederal victims must be paid before the United States is paid.

A.F.      $520.00

A.S.      $730.00

B.F.      $690.00

B.S.      $780.00

C.G.      $270.00

C.L.      $170.00

Capitol One Bank      $4,500.00

D.R.      $90.00

Iberia Bank      $42,550.00

Investar Bank      $26,600.00

J.A.      $250.00

J.G.      $1,160.00

J.H.      $480.00

JP Morgan Chase Bank      $5,800.00

J.P.      $520.00

K.C.      $580.00

K.S.      $900.00

K.Z.      $450.00

L.F.      $6,890.00

L.H.      $500.00

L.L.      $70.00

L.M.      $2,600.00

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Judgment — Page 7 of 9

DEFENDANT:      RAYMOND B MATHEWS
CASE NUMBER:      3:18-CR-00164-SDD-EWD(3)

| | |
|---|---|
| Midsouth Bank | $33,580.00 |
| M.M. | $1,110.00 |
| M.R. | $380.00 |
| M.R. | $330.00 |
| M.S. | $320.00 |
| N.C. | $380.00 |
| N.L. | $1,150.00 |
| N.T. | $5,450.00 |
| Regions Bank | $47,100.00 |
| R.J. | $1,760.00 |
| R.M. | $90.00 |
| S.A. | $1,220.00 |
| S.H. | $4,600.00 |
| S.M. | $850.00 |
| S.M. | $390.00 |
| S.U. | $940.00 |
| A.K. | $1,460.00 |
| A.M. | $150.00 |
| C.S. | $720.00 |
| D.L. | $285.00 |
| J.B. | $200.00 |
| J.B. | $5,300.00 |
| J.M. | $915.00 |
| J.R. | $550.00 |
| K.C. | $2,000.00 |
| K.G. | $355.00 |
| K.P. | $420.00 |
| K.S. | $743.00 |

AO 245B (Rev. 09/19) Judgment in a Criminal Case

DEFENDANT:          RAYMOND B MATHEWS
CASE NUMBER:        3:18-CR-00164-SDD-EWD(3)

| | |
|---|---|
| M.L.K. | $400.00 |
| M.O. | $480.00 |
| N.S. | $100.00 |
| P.P. | $70.00 |
| P.R. | $450.00 |
| S.D. | $1,400.00 |
| S.H. | $20.00 |
| V.H. | $11,300.00 |

Restitution in the amount of $915 for victim J.M. and $2,000 for victim K.C. is ordered joint and several with Natasha Hammett (17-81-BAJ-RLB).

Restitution in the amount of $1,460 for victim A.K. and $2,186 for victim V.H. is ordered joint and several with Tina Eggleston (17-136-JWD-EWD).

Restitution in the amount of $1,110 for victim M.M., $940 for victim S.U., and $17,850 for victim Regions Bank is ordered joint and several with Erin Brown (17-80-SDD-EWD).

Restitution in the amount of $5,450 for victim N.T., $660 for victim K.S., and $750 for victim K.C. is ordered joint and several with Johnny J. Jones (17-137-JWD-EWD).

Restitution in the amount of $5,450 for victim N.T., $660 for victim K.S., and $750 for victim K.C. is ordered joint and several with Allen R. Clark (18-9-SDD-EWD).

- ☐ Restitution amount ordered pursuant to plea agreement $
- ☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
- ☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  - ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
  - ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Judgment -- Page 9 of 9

DEFENDANT:      RAYMOND B MATHEWS
CASE NUMBER:    3:18-CR-00164-SDD-EWD(3)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;
or

D ☐ Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which
shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.

The restitution shall be due immediately, but nonpayment is not a violation of supervised release so long as the
defendant makes the required monthly payments during supervision. Upon release from incarceration, any unpaid
restitution balance shall be paid at a monthly rate to be determined by the Court. Such payments shall begin within
60 days after release from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Pursuant to 18 U.S.C. § 982(a)(2)(A), the defendant shall forfeit to the United States all property, real or personal, constituting or
derived from the proceeds of the said violation, including but not limited to a sum of money, specifically, $77,070.69, representing
the value of the proceeds associated with this offense.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**



FILED

DEC 1 2 2018

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

**INDICTMENT FOR CONSPIRACY TO COMMIT BANK FRAUD,
BANK FRAUD, CONSPIRACY TO COMMIT ACCESS DEVICE FRAUD,
AND NOTICE OF FORFEITURE**

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 18- 164-SDD-EwD |
| : | |
| *versus* : | 18 U.S.C. § 1349 |
| : | 18 U.S.C. § 1344 |
| MICHAEL D. GIBBS, : | 18 U.S.C. § 2 |
| a/k/a "BG," : | 18 U.S.C. § 371 |
| BRANDON J. GASSETT, : | 18 U.S.C. § 1029(a)(3) |
| a/k/a "Boot Daddy" and "Twan," : | 18 U.S.C. § 982(a)(2) |
| RAYMOND B. MATHEWS, : | 18 U.S.C. § 982(b) |
| a/k/a "Bo" and "Boot," : | 21 U.S.C. § 853(p) |
| GEOFFREY D. GREEN, : | |
| a/k/a "Deep" and "D," and : | |
| FRANK JACKSON : | |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1.  Defendants **MICHAEL D. GIBBS (GIBBS)**, also known as "BG," **BRANDON J.**

    **GASSETT (GASSETT)**, also known as "Boot Daddy" and "Twan," **RAYMOND B.**

    **MATHEWS (MATHEWS)**, also known as "Bo" and "Boot," **GEOFFREY D. GREEN**

    **(GREEN)**, also known as "Deep" and "D," and **FRANK JACKSON (JACKSON)** were

    residents of Florida and entered into the State of Louisiana to commit the criminal acts

    alleged herein.

2.  Individuals **A.C., E.B., J.J., N.H., and T.E.** associated with the defendants and

    knowingly participated in the conspiracy described herein.

A. Stevens
USM with Warrants

3. Capital One, Hancock Whitney Bank, Iberia Bank, Investar Bank, MidSouth Bank, JP Morgan Chase Bank, and Regions Bank (collectively, the "banks") were financial institutions within the meaning of Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

**COUNT 1**
**Conspiracy to Commit Bank Fraud**
**18 U.S.C. §§ 1349 and 2**

4. Paragraphs 1 through 3 of this Indictment are incorporated herein by reference.

**The Conspiracy**

5. Beginning by at least in or about August of 2016 and continuing through October of 2017, in the Middle District of Louisiana and elsewhere, the defendants,

**MICHAEL D. GIBBS,**
**BRANDON J. GASSETT,**
**RAYMOND B. MATHEWS,**
**GEOFFREY D. GREEN, and**
**FRANK JACKSON,**

conspired and agreed with others known and unknown to the grand jury to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain money, funds and credits of financial institutions and under the custody and control of financial institutions, through material false and fraudulent pretenses, representations, and promises, and did aid and abet such conduct, in violation of Title 18, United States Code, Section 1344, as set forth more specifically below.

2

**Purpose of the Conspiracy**

6. The purpose of the conspiracy was for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things, using unlawfully obtained access devices and other stolen means of identification to obtain funds from federally insured financial institutions.

**Manner and Means**

7. In order to accomplish the purpose of the conspiracy, the defendants and their co-conspirators used and caused others to use the following manner and means:

   a. Members of the conspiracy would travel by vehicles from Florida into other states, including Louisiana, where the defendants and their co-conspirators would break into unattended vehicles parked at recreation areas, parks, gyms and fitness centers, cemeteries, and other areas;

   b. Members of the conspiracy would steal credit cards, debit cards, checks and checkbooks, drivers' licenses, and other means of identification that could be used to aid in posing as the victims and accessing the victims' financial accounts;

   c. The defendants would recruit females—especially recovering drug addicts, individuals who had just been released from jail, and/or others who were otherwise vulnerable—to travel with them and participate in the scheme, often by promising the females an opportunity to make thousands of dollars in a short period of time;

   d. Members of the conspiracy, having stolen the checkbooks, drivers' licenses, and other items described above, would use the items to conduct transactions against the financial accounts of victims, thereby obtaining funds which were in the care, control and custody of financial institutions, as further described below:

3

(1)   Checks drawn on one victim's account would be made payable to a second victim, whose identification the defendants had also stolen, and then the checks were taken to a financial institution where the second victim maintained an account;

(2)   Members of the conspiracy would distribute the stolen items to the female co-conspirators whom they had recruited into the scheme;

(3)   The female members of the conspiracy would pose as the victims, often wearing wigs and makeup, to more closely resemble the victims;

(4)   Members of the conspiracy would travel to banks in teams, using two different rental cars, with the female members driving to the bank in one car and attempting to conduct fraudulent transactions from the drive-through teller lane, while other conspirators, in the second car, would park nearby so that they could look out for police or security personnel in the area;

(5)   The conspirators would use the stolen items and the means described above to conduct fraudulent transactions; and

(6)   After the fraudulent transactions, the conspirators would divide the fraudulent proceeds, and the members of the conspiracy who conducted the transactions would be paid with drugs, food, and small amounts of cash amounting to a fraction of the total value of the checks they had cashed.

e.  Throughout the course of the conspiracy, in an effort to evade detection and capture, the defendants would monitor social media and other websites for reports of criminal activity attributed to the "Felony Lane Gang," a term commonly used to describe criminal activity similar to the scheme described above.  The defendants would use

4

social media postings regarding Felony Lane Gang activity to plot the courses of their trips (*e.g.*, to avoid locations where they perceived banks and law enforcement to be particularly effective at detecting fraud) and to increase the success of their endeavor (*e.g.*, by checking to make sure that their own photographs and identities had not been publicly disseminated).

**Overt Acts**

8. In furtherance of the conspiracy, the defendants and their co-conspirators committed the following overt acts, among others:

   a. In August of 2016, **GIBBS, GASSETT, GREEN** and others known and unknown to the grand jury traveled to Louisiana and Texas, where members of the conspiracy, including **J.J.**, burglarized cars and stole credit cards, debit cards, checkbooks, drivers' licenses, and other means of identification.

   b. On August 29, 2016, for instance, **GREEN** sent **J.J.** a series of text messages containing the addresses of YMCAs and recreation centers in the Dallas, Texas, area, where members of the conspiracy would later commit burglaries.

   c. In September of 2016, **GIBBS, GASSETT, MATHEWS, GREEN** and others known and unknown to the grand jury traveled to Louisiana, including the Middle District of Louisiana, where members of the conspiracy, including **J.J.**, burglarized cars and stole credit cards, debit cards, checkbooks, drivers' licenses, and other means of identification, with the intent to use the stolen items to engage in fraudulent financial transactions.

d. On or about September 11, 2016, members of the conspiracy stole the wallet and means of identification of victim N.L., in Lafayette, Louisiana, which members of the conspiracy would use several days later.

e. Between September 12, 2016 and September 14, 2016, **GREEN** sent **J.J.** a series of text messages containing the addresses for at least five different bank branches in Lafayette, Louisiana.

f. On September 14, 2016, using the personal items stolen from victim N.L. and checkbooks stolen from victims S.S., D.T., and T.P., members of the conspiracy, including **E.B.**, cashed the following seven fraudulent checks at Iberia Bank branches in the New Orleans area, totaling $23,450:

| Victim | Check Number | Amount | Bank Branch |
|--------|--------------|--------|-------------|
| S.S. | 1023 | $3,100 | Manhattan Boulevard, Harvey |
| S.S. | 1024 | $2,700 | Manhattan Boulevard, Harvey |
| D.T. | 2347 | $3,700 | Barateria Boulevard, Marrero |
| D.T. | 2350 | $2,650 | Barateria Boulevard, Marrero |
| T.P. | 2353 | $4,200 | St. Charles Avenue, New Orleans |
| T.P. | 2352 | $2,900 | St. Charles Avenue, New Orleans |
| D.T. | 2346 | $4,200 | Carrollton Avenue, New Orleans |

g. On September 15, 2016, using the personal items stolen from victim N.L. and the checkbook stolen from victim T.P., members of the conspiracy, including **E.B.**, cashed the following 5 fraudulent checks at Iberia Bank branches in the New Orleans area, totaling $19,100:

| Victim | Check Number | Amount | Bank Branch |
|---|---|---|---|
| T.P. | 1013 | $4,200 | Barateria Boulevard, Marrero |
| T.P. | 1014 | $3,500 | Barateria Boulevard, Marrero |
| T.P. | 1019 | $3,500 | St. Charles Avenue, New Orleans |
| T.P. | 1018 | $4,300 | Prytania Avenue, New Orleans |
| T.P. | 1020 | $3,600 | Prytania Avenue, New Orleans |

h. On or about September 15, 2016, while on his way back to Florida, **GREEN** was arrested in Quincy, Florida, with more than thirty (30) stolen access devices and means of identification, namely, driver's licenses, credit cards, checkbooks, and social security cards, and more than $9,000 in cash. After **GREEN**'s arrest, co-conspirator **J.J.** alerted another individual to **GREEN**'s arrest via text message, notifying the other individual, *"Deep f***** up. Police got all the money,"* and saying, *"We had 4 cars now we down to 1."*

i. In October of 2016, **GIBBS**, **GASSETT**, **MATHEWS**, and others known and unknown to the grand jury traveled to Louisiana, including the Middle District of Louisiana, to commit burglaries and engage in fraudulent financial transactions.

7

j. Between October 16 and 18, 2016, members of the conspiracy burglarized the cars of victim M.M. in Baton Rouge, victim M.R. in New Orleans, and victims S.U. and D.U. in Metairie, and members of the conspiracy would later use these stolen items in fraudulent transactions in Baton Rouge.

k. On October 19, 2016, the defendants, along with co-conspirator **E.B.** and other members of the conspiracy, cashed the following five fraudulent checks at Regions Bank branches in Baton Rouge, totaling $18,550:

| Victims | Check Number | Amount | Bank Branch |
|---|---|---|---|
| D.U. and S.U. | 2210 | $3,100 | Siegen Lane, Baton Rouge |
| D.U. and S.U. | 2205 | $2,900 | Siegen Lane, Baton Rouge |
| D.U. and S.U. | 2206 | $4,500 | Siegen Lane, Baton Rouge |
| D.U. and S.U. | 2209 | $4,500 | Coursey Boulevard, Baton Rouge |
| D.U. and S.U. | 2207 | $3,550 | Coursey Boulevard, Baton Rouge |

l. On October 20, 2016, the defendants, along with co-conspirator **E.B.** and other members of the conspiracy, cashed the following three fraudulent checks at Regions Bank branches in Baton Rouge, totaling $12,910, all made payable to victim M.M.:

| Victims | Check Number | Amount | Bank Branch |
|---|---|---|---|
| D.U. and S.U. | 2208 | $4,450 | South Sherwood Forest, Baton Rouge |
| P.P. and C.P. | 2403 | $3,900 | South Sherwood Forest, Baton Rouge |
| P.P. and C.P. | 2405 | $4,560 | Florida Boulevard, Baton Rouge |

8

m. On or about October 30, 2016, members of the conspiracy stole the wallet and means of identification of victim A.F., in Covington, Louisiana, which members of the conspiracy would later use in fraudulent transactions in Baton Rouge.

n. In November of 2016, **GIBBS, GASSETT, MATHEWS, GREEN** and others known and unknown to the grand jury traveled to Louisiana, including the Middle District of Louisiana, to commit burglaries and engage in fraudulent financial transactions.

o. On or about November 9, 2016, for instance, members of the conspiracy stole the wallet and means of identification of victim J.H., in Baton Rouge, whose means of identification members of the conspiracy would unlawfully possess months later.

p. On November 10, 2016, the defendants, along with co-conspirator **E.B.** and other members of the conspiracy, cashed and attempted to cash the following five fraudulent checks at Regions Bank branches in the Baton Rouge area, made payable to A.F., totaling $19,500:

| Victim | Check Number | Amount | Bank Branch |
|--------|--------------|--------|-------------|
| M.R. | 520 | $4,000 | Highland Road, Baton Rouge |
| M.R. | 516 | $3,500 | Highland Road, Baton Rouge |
| M.R. | 514 | $4,000 | Airline Highway, Prairieville |
| M.R. | 513 | $3,500 | Airline Highway, Prairieville |
| M.R. | 517 | $4,500 | Jones Creek Road, Baton Rouge |

9

q. On or about November 16, 2016, co-conspirators **J.J.** and **A.C.**, assisted by other members of the conspiracy, burglarized the cars of victims A.S., B.S.-1, B.S.-2, D.R., J.J., J.M., K.C., K.S., L.T., M.B., M.L., and N.T. in Baton Rouge and Lafayette, Louisiana.

r. On November 17, 2016, in Baton Rouge, **J.J., A.C.,** and **GREEN** unlawfully possessed the Social Security numbers of victims A.S and K.S, the debit card numbers of victims A.S., B.S.-1, B.S.-2, D.R., K.C., K.S., L.T., and N.T., and the checking account numbers of victims A.S., B.S.-1, K.S., J.J., J.M., L.T., M.B., and M.L., all of which they and other members of the conspiracy intended to use in furtherance of the fraudulent scheme.

s. In December of 2016, **GIBBS, GASSETT, MATHEWS, JACKSON** and others known and unknown to the grand jury traveled to Louisiana, including the Middle District of Louisiana, in furtherance of the scheme.

t. In January of 2017, **GIBBS, GASSETT, MATHEWS, GREEN, JACKSON** and others known and unknown to the grand jury traveled to Louisiana, including the Middle District of Louisiana, in furtherance of the scheme.

u. On January 7 and January 9, 2017, for instance, members of the conspiracy stole the wallets and means of identification of victims P.R. and M.K., respectively, in separate incidents in Baton Rouge, and the victims' means of identification would be unlawfully possessed by other members of the conspiracy days later.

v. On January 10, 2017, members of the conspiracy stole the wallet and means of identification of victim N.S., in Baton Rouge, whose means of identification **GASSETT** and others would unlawfully possess the following month.

10

w. On January 12, 2017, using a check stolen from victim V.H. and a driver's license stolen from victim A.K., co-conspirators **E.B.** and **T.E.** attempted to cash a fraudulent check (check number 6757) for $4,200 at a Chase Bank on Sullivan Road in Baton Rouge.

x. On January 13, 2017, after attempting to cash another fraudulent check, co-conspirators **E.B.** and **T.E.** were apprehended by the East Baton Rouge Parish Sheriff's Office. At the time of their arrest, **E.B.** and **T.E.** possessed cash, hotel receipts, luggage, several wigs, and the names and personal identifying information of victims P.R. and M.K., who had been victimized days earlier.

y. In February of 2017, **GIBBS, GASSETT, MATHEWS, GREEN, JACKSON** and others known and unknown to the grand jury traveled to Louisiana, including the Middle District of Louisiana, in furtherance of the scheme.

z. On February 5, 2017, members of the conspiracy burglarized the car of victim K.C., while she was visiting her mother's grave at a cemetery in Baton Rouge, Louisiana. That same day, members of the conspiracy burglarized the car of victim A.M. while she was visiting a family member's grave at the same cemetery, and victim S.H., who was in town from Houston, Texas and attending church in Baton Rouge.

aa. On February 6, 2017, members of the conspiracy burglarized the cars of victims J.B. in Baton Rouge and K.G. in Metairie.

bb. On February 7, 2017, at approximately 10:48 a.m., **GASSETT** sent co-conspirator N.H. a text message that said, *"Tell her to practice this signature now it's easy,"* meaning that **N.H.** should have individual C.W., who was with **N.H.** at the time, practice the signature of victim K.C., in anticipation of using K.C.'s means of identification to conduct a fraudulent transaction.

cc. Later that day, at approximately 1:53 p.m., **GASSETT** sent **N.H.** a text message with the address of a Whitney Bank on Walker South Road in Walker, Louisiana.  Minutes later, using a check stolen from victim J.M. and the driver's license stolen from victim K.C., co-conspirators **N.H.** and **C.W.** cashed a fraudulent check for $1,000 at the same Whitney Bank that **GASSETT** had identified in his text message.

dd. Later that afternoon, **N.H.** and **C.W.** attempted to cash a second fraudulent check, using the same victims' identities, at the same Whitney Bank, but were unsuccessful. **N.H.** and **C.W.** were apprehended minutes later by the Walker Police Department, and at the time of their arrest, **N.H.** and **C.W.** possessed more than $1,500 in cash and stolen driver's licenses and checks.

ee. In mid-February of 2017, and in light of the fact that female co-conspirators **E.B.**, **T.E.**, **N.H.**, and **C.W.** had all been arrested, **GIBBS, GASSETT, MATHEWS, JACKSON** and others known and unknown to the grand jury traveled to Oklahoma, where they attempted to recruit another female to participate in the scheme, by offering to pay her $1,000 per day to "drive around with them," or words to that effect.

12

ff. On or about February 15, 2017, **GIBBS, GASSETT, MATHEWS, JACKSON** and other members of the conspiracy were arrested in Gretna, Louisiana. As officers approached the defendants to take them into custody, **GIBBS** and **MATHEWS** attempted to flee on foot and jump over a fence at the rear of the parking lot. **GASSETT** attempted to hide a pouch in the bushes outside his motel room; the pouch contained checkbooks, credit cards, and identification documents that had been stolen from victims J.H. (*see* paragraph 8(o) above), N.S. (¶ 8(v)), K.C., A.M., and S.H. (¶ 8(z)), J.B. and K.G. (¶ 8(aa)), and J.A., E.T., J.J., S.D., T.F., S.H., and C.S. In the car that **GASSETT** was driving minutes before his arrest, officers recovered a window punch tool.

gg. On or about October 11, 2017, after being temporarily released from state custody on various pending charges in Louisiana, **GIBBS** and **GASSETT** were arrested in Live Oak, Florida, in possession of approximately forty-five (45) stolen access devices and means of identification, including driver's licenses, credit cards, social security cards and other items, a loaded, stolen firearm, and more than $20,000 in cash.

The above is a violation of Title 18, United States Code, Sections 1349 and 2.

**COUNTS 2—5**
**Bank Fraud**
**18 U.S.C. §§ 1344 and 2**

9.  Paragraphs 1 through 8 of this Indictment are incorporated herein by reference.

10. On or about the following dates, in the Middle District of Louisiana, the defendants,

**MICHAEL D. GIBBS,**
**BRANDON J. GASSETT,**
**RAYMOND B. MATHEWS,**
**GEOFFREY D. GREEN, and**
**FRANK JACKSON,**

devised a scheme and artifice to defraud financial institutions, and attempted to and did

obtain money, funds and credits of financial institutions and under the custody and

control of financial institutions, through material false and fraudulent pretenses,

representations, and promises, and did aid and abet such conduct, as set forth below:

| Count | Date | Defendants | Bank | Description |
|---|---|---|---|---|
| 2 | 10/19/2016 | GIBBS GASSETT MATHEWS | Regions Bank | Members of the conspiracy fraudulently cashed check no. 2210, in the amount of $3,100, using a check stolen from victim S.U. and a driver's license stolen from victim M.M. |
| 3 | 10/20/2016 | GIBBS GASSETT MATHEWS | Regions Bank | Members of the conspiracy fraudulently cashed check no. 2208, in the amount of $4,450, using a check stolen from victim S.U. and a driver's license stolen from victim M.M. |
| 4 | 11/10/2016 | GIBBS GASSETT MATHEWS GREEN | Regions Bank | Members of the conspiracy fraudulently cashed check no. 520, in the amount of $4,000, using a check stolen from victim M.R. and a driver's license stolen from victim A.F. |
| 5 | 2/7/2017 | GIBBS GASSETT MATHEWS JACKSON | Whitney Bank | Members of the conspiracy fraudulently cashed a check for $1,000 using a check stolen from victim J.M. and a driver's license stolen from victim K.C. |

Each of the above is a violation of Title 18, United States Code, Sections 1344 and 2.

14

### COUNT 6
### Conspiracy to Commit Access Device Fraud
### 18 U.S.C. § 371

11. Paragraphs 1 through 10 of this Indictment are incorporated herein by reference.

**The Conspiracy**

12. Beginning by at least in or about August of 2016 and continuing through October of

2017, in the Middle District of Louisiana and elsewhere, the defendants,

**MICHAEL D. GIBBS,**
**BRANDON J. GASSETT, and**
**GEOFFREY D. GREEN**

conspired and agreed with others known and unknown to the grand jury to knowingly and

with intent to defraud possess fifteen or more unauthorized access devices, affecting

interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(3), as

set forth more specifically below.

**Purpose of the Conspiracy**

13. The purpose of the conspiracy was to unlawfully obtain, acquire, and possess access

devices that could be used to defraud.

**Manner and Means**

14. In order to accomplish the purpose of the conspiracy, the defendants and their co-

conspirators used and caused others to use the manner and means described in Paragraph

7 above.

**Overt Acts**

15. In furtherance of the conspiracy, the defendants and their co-conspirators committed the

following overt acts, among others:

15

a. On or about September 15, 2016, in Quincy, Florida, **GREEN** knowingly possessed more than thirty (30) stolen access devices and means of identification, namely, driver's licenses, credit cards, checkbooks, and social security cards.

b. On November 17, 2016, at the Motel 6 on Rieger Road in Baton Rouge, within the Middle District of Louisiana, **GREEN** and co-conspirators **A.C.** and **J.J.** knowingly possessed multiple stolen checkbooks, drivers' licenses, bank cards, and social security cards, namely, the Social Security numbers of Victims A.S. and K.S, the debit card numbers of Victims A.S., B.S.-1, B.S.-2, D.R., K.C., K.S., L.T., and N.T., and the checking account numbers of Victims A.S., B.S.-1, K.S., J.J., J.M., L.T., M.B., and M.L.

c. On or about October 11, 2017, in Live Oak, Florida, **GIBBS** and **GASSETT** knowingly possessed approximately forty-five (45) stolen access devices and means of identification, including driver's licenses, credit cards, social security cards and other items.

The above is a violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE

16. Paragraphs 1 through 15 of this Indictment are incorporated herein by reference.

17. Upon conviction of any of the offenses charged above, the defendants, **MICHAEL D. GIBBS (GIBBS)**, also known as "BG," **BRANDON J. GASSETT (GASSETT)**, also known as "Boot Daddy" and "Twan," **RAYMOND B. MATHEWS (MATHEWS)**, also known as "Bo" and "Boot," **GEOFFREY D. GREEN (GREEN)**, also known as "Deep" and "D," and **FRANK JACKSON (JACKSON)**, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A), all property constituting or derived from proceeds

16

obtained directly or indirectly as a result of the scheme, including but not limited to a sum of money equal to the amount of the proceeds of the offense.

18. If any of the above-described forfeitable property, as a result of any act or omission of any defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

BRANDON A. TREMIN
UNITED STATES ATTORNEY

ALAN A. STEVENS
ASSISTANT U.S. ATTORNEY

J. CHRISTOPHER DIPPEL, JR.
ASSISTANT U.S. ATTORNEY

A TRUE BILL

**REDACTED
PER PRIVACY ACT**

GRAND JURY FOREPERSON

12-12-18
DATE

17

Query    Reports    Utilities    Help    What's New    Log Out

# U.S. District Court
## Middle District of Louisiana (Baton Rouge)
## CRIMINAL DOCKET FOR CASE #: 3:18-cr-00164-SDD-EWD-3

Case title: USA v. Gibbs et al

Date Filed: 12/12/2018

Date Terminated: 07/01/2021

---

Assigned to: Chief Judge Shelly D. Dick
Referred to: Magistrate Judge Erin Wilder-Doomes

### Defendant (3)

**Raymond B Mathews**
*TERMINATED: 07/01/2021*
*also known as*
Bo
*TERMINATED: 07/01/2021*
*also known as*
Boot
*TERMINATED: 07/01/2021*

represented by **FPD Mark Upton**
*TERMINATED: 03/21/2019*
*LEAD ATTORNEY*
*Designation: Federal Public Defender*
*Appointed*

**J. Rodney Baum**
Law Firm of J. Rodney Baum
830 Main Street
Baton Rouge, LA 70802
225-387-1142
Fax: 225-336-4667
Email: rodney@rbaumlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

ATTEMPT AND CONSPIRACY and 18
USC 2
(1)

### Highest Offense Level (Opening)

Felony

### Terminated Counts

BANK FRAUD and 18 USC 2
(2-5)

### Highest Offense Level (Terminated)

**Disposition**

Imprisonment for a total term of 48 months.
Supervised release for a term of five years.
Assessment in the amount of $100.00.
Restitution in the amount of $224,068.00

**Disposition**

Dismissal of Counts on Government Motion

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                              represented by **Alan A. Stevens**
DOJ-USAO
Russell B. Long Federal Bldg.
777 Florida Street
Suite 208
Baton Rouge, LA 70801
225-389-0443
Email: alan.stevens@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**Mary Patricia Jones**
United States Attorney's Office
Middle District of Louisiana
777 Florida Street
Suite 208
Baton Rouge, LA 70801
225-389-0443
Fax: 389-0561
Email: patricia.jones4@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**John Brady Casey**
United States Attorney's Office
777 Florida Street
Suite 208
Baton Rouge, LA 70801
225-389-0443
Email: john.casey@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

**John Christopher Dippel (AUSA) , Jr.**
United States Attorney's Office
777 Florida Street
Suite 208
Baton Rouge, LA 70802
Email: CaseView.ECF@usdoj.gov
*(Inactive)*

*TERMINATED: 02/20/2024*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States*
*Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2018 | 1 | SEALED INDICTMENT as to Michael D Gibbs (1) count(s) 1, 2-5, 6, Brandon J Gassett (2) count(s) 1, 2-5, 6, Raymond B Mathews (3) count(s) 1, 2-5, 6, Geoffrey D Green (4) count(s) 1, 4, 6, Frank Jackson (5) count(s) 1, 5. (NLT) (Entered: 12/13/2018) |
| 12/12/2018 | 2 | NOTICE of Grand Jury Return - This matter is filed under SEAL until the defendant is arrested or makes his initial appearance, whichever occurs first, unless otherwise specifically ordered to the contrary. (NLT) (Entered: 12/13/2018) |
| 01/31/2019 | 10 | NOTICE as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson: A scheduling order will not issue at this time as all defendants have not appeared in this matter. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 01/31/2019) |
| 02/07/2019 | 13 | MOTION/PETITION for Writ of Habeas Corpus ad prosequendum by USA as to Raymond B Mathews. (NLT) (Entered: 02/07/2019) |
| 02/07/2019 | | SEALED MOTION(S) as to Raymond B Mathews REFERRED to Magistrate Judge: 13 MOTION/PETITION for Writ of Habeas Corpus ad prosequendum. This motion is now pending before the USMJ. (NLT) (Entered: 02/07/2019) |
| 02/08/2019 | 15 | NOTICE OF HEARING as to Brandon J Gassett and Raymond B Mathews: Initial Appearance set for 2/26/2019 at 10:00 AM in Courtroom 5 before Magistrate Judge Erin Wilder-Doomes. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 02/08/2019) |
| 02/08/2019 | 16 | SEALED ORDER 13 MOTION/PETITION for Writ of Habeas Corpus ad prosequendum filed by USA as to Raymond B Mathews. Signed by Magistrate Judge Erin Wilder-Doomes on 2/8/2019. (LLH) (Entered: 02/08/2019) |
| 02/22/2019 | 18 | NOTICE TO COUNSEL as to Brandon J Gassett and Raymond B Mathews: The initial appearance set for 2/26/2019 as to defendants Gassett and Mathews is CANCELED. The USM has advised the court that the defendants, who are being transported to the MDLA from Florida, will not arrive in time for the hearing. The court will reset the hearing at the notification of the USM when the defendants arrive in MDLA. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 02/22/2019) |
| 02/25/2019 | 20 | MOTION/PETITION for Writ of Habeas Corpus ad prosequendum by USA as to Raymond B Mathews. (SGO) (Entered: 02/25/2019) |
| 02/25/2019 | | SEALED MOTION(S) as to Raymond B Mathews REFERRED to Magistrate Judge: 20 MOTION/PETITION for Writ of Habeas Corpus ad prosequendum. This motion is now pending before the USMJ. (SGO) (Entered: 02/25/2019) |
| 02/25/2019 | 22 | ORDER granting 20 Petition/Motion for Writ of Habeas Corpus ad prosequendum as to Raymond B Mathews (3). Signed by Magistrate Judge Erin Wilder-Doomes on 2/25/2019. (LLH) (Entered: 02/25/2019) |
| 02/25/2019 | 23 | NOTICE OF HEARING as to Brandon J Gassett and Raymond B Mathews: Initial Appearance set for 3/13/2019 at 09:30 AM in Courtroom 5 before Magistrate Judge Erin |

| | | |
|---|---|---|
| | | Wilder-Doomes. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BLR) (Entered: 02/25/2019) |
| 03/13/2019 | 24 | NOTICE TO COUNSEL as to Brandon J Gassett and Raymond B Mathews: The initial appearance set for3/13/2019 as to defendants Gassett and Mathews is CANCELED. The USM has advised the court that the defendants, who are being transported to the MDLA from Florida, will not arrive in time for the hearing. The court will reset the hearing at the notification of the USM when the defendants arrive in MDLA. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 03/13/2019) |
| 03/20/2019 | 27 | NOTICE OF HEARING as to Brandon J Gassett, Raymond B Mathews: Initial Appearance set for 3/21/2019 at 03:00 PM in Courtroom 5 before Magistrate Judge Erin Wilder-Doomes. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BLR) (Entered: 03/20/2019) |
| 03/20/2019 | 28 | CJA 23 Financial Affidavit by Raymond B Mathews. (BLR) (Entered: 03/20/2019) |
| 03/20/2019 | 29 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Raymond B Mathews: Richard M. Upton for Raymond B Mathews appointed. Signed by Magistrate Judge Erin Wilder-Doomes on 3/20/2019. (Attachments: # 1 Indictment) (LLH) (Entered: 03/20/2019) |
| 03/21/2019 | 31 | CJA 23 Financial Affidavit by Raymond B Mathews (BLR) (Entered: 03/21/2019) |
| 03/21/2019 | 34 | ORDER as to Raymond B Mathews: Appointment of Attorney J. Rodney Baum for Raymond B Mathews from the CJA Panel to represent defendant in this matter. Appointment date: 3/20/2019 Attorney Richard M. Upton terminated. Signed by Magistrate Judge Erin Wilder-Doomes on 3/20/2019.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BLR) (Entered: 03/21/2019) |
| 03/21/2019 | 35 | MINUTE ENTRY for proceedings held before Magistrate Judge Erin Wilder-Doomes:Initial Appearance and Arraignment as to Brandon J Gassett (2) Count 1,2-5,6 and Raymond B Mathews (3) Count 1,2-5 held on 3/21/2019. J. Rodney Messina made an appearance on behalf of Brandon J. Gassett. J. Rodney Baum made an appearance on behalf of Raymond B. Mathews. The defendants were read portions of the indictment related to the charges against them. The government moved for detention on the basis that the defendants are a flight risk. Defendant Gassett stipulated to detention at this time, the government did not object and the Court ordered him detained. Defendant Mathews made an ORAL MOTION to CONTINUE the detention hearing. The ORAL MOTION was GRANTED. Defendant Mathews detention hearing has been CONTINUED TO 3/28/2019 at 11:00 am. The parties agreed to go forward with arraignment. Defendant Mathews entered a plea of NOT GUILTY to counts 1-5 of the Indictment. Defendant Gassett entered a plea of NOT GUILTY to counts 1-6 of the Indictment. The Court accepted the pleas of NOT GUILTY and the defendants were remanded to the custody of the USM. (LLH) (Entered: 03/26/2019) |
| 03/21/2019 | | Set/Reset SEALED Hearings as to Raymond B Mathews: Detention Hearing set for 3/28/2019 at 11:00 AM in Courtroom 5 before Magistrate Judge Erin Wilder-Doomes. (LLH) (Entered: 03/26/2019) |
| 03/25/2019 | | Set/Reset Hearings as to Raymond B Mathews: Detention Hearing set for 3/28/2019 at 11:00 AM in Courtroom 5 before Magistrate Judge Erin Wilder-Doomes. (BLR) (Entered: 03/25/2019) |
| 03/26/2019 | 37 | ORDER OF DETENTION as to Raymond B Mathews. Signed by Magistrate Judge Erin Wilder-Doomes on 3/25/2019. (LLH) (Entered: 03/26/2019) |

| | | |
|---|---|---|
| 03/26/2019 | 38 | MOTION for Protective Order by USA as to Raymond B Mathews. (Attachments: # 1 Order)(LLH) (Entered: 03/26/2019) |
| 03/28/2019 | 41 | MINUTE ENTRY for proceedings held before Magistrate Judge Erin Wilder-Doomes:Detention Hearing as to Raymond B Mathews held on 3/28/2019. Rodney Baum appeared for dft. Dft reminded of rights. Exhibits filed. Counsel presented argument. The dft is released with conditions. (SGO) (Entered: 04/03/2019) |
| 03/28/2019 | 45 | ELECTRONIC EXHIBITS for hearing as to Raymond Matthews dated 3/28/2019. (LLH) (Additional attachment(s) added on 9/23/2020: # 1 Exhibit Gov-1, # 2 Exhibit Gov 2, # 3 Exhibit Gov 3, # 4 Exhibit Gov 4, # 5 Exhibit Gov 5, # 6 Exhibit Def 1) (SWE). Modified on 9/29/2020 to edit the docket text (SWE). (Entered: 04/16/2019) |
| 04/01/2019 | 40 | ORDER granting 38 Motion for Protective Order as to Raymond B Mathews (3). Signed by Chief Judge Shelly D. Dick on 04/01/2019. (NLT) (Entered: 04/01/2019) |
| 04/03/2019 | 42 | ORDER Setting Conditions of Release as to Raymond B Mathews. Signed by Magistrate Judge Erin Wilder-Doomes on 3/28/2019. (SGO) (Entered: 04/03/2019) |
| 04/04/2019 | 43 | Warrant of Arrest Returned Executed on 04/04/2019 in case as to Raymond B Mathews. (US Marshal, ) (Entered: 04/04/2019) |
| 05/03/2019 | 56 | SEALED MOTION to UnSeal by USA as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson. (Attachments: # 1 Order)(LLH) Modified on 5/9/2019 edit event type (KAH). (Entered: 05/03/2019) |
| 05/09/2019 | 57 | ORDER granting 56 Motion to Unseal Case as to Michael D Gibbs (1), Brandon J Gassett (2), Raymond B Mathews (3), Geoffrey D Green (4), Frank Jackson (5). Signed by Chief Judge Shelly D. Dick on 5/9/2019. (KAH) (Entered: 05/09/2019) |
| 05/30/2019 | 58 | NOTICE *OF APPEARANCE* by USA as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson (Casey, John) (Entered: 05/30/2019) |
| 08/09/2019 | 61 | MOTION for Funds to Travel by Raymond B Mathews. (Baum, J.) (Entered: 08/09/2019) |
| 08/15/2019 | 66 | RESPONSE to Motion by USA as to Raymond B Mathews to 61 MOTION Funds to Travel (Stevens, Alan) (Entered: 08/15/2019) |
| 08/15/2019 | 67 | ORDER granting 61 Motion for Funds to Travel as to Raymond B Mathews (3). Signed by Chief Judge Shelly D. Dick on 8/15/2019. (EDC) (Entered: 08/15/2019) |
| 10/16/2019 | 80 | MOTION Set Trial Date by USA as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson. (Attachments: # 1 Attachment Proposed Order)(Stevens, Alan) (Entered: 10/16/2019) |
| 10/17/2019 | 81 | ORDER granting 80 Motion to Set for Trial as to Michael D Gibbs (1), Brandon J Gassett (2), Raymond B Mathews (3), Geoffrey D Green (4), Frank Jackson (5). Trial to be set by separate Notice of the Court. Signed by Chief Judge Shelly D. Dick on 10/17/19.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 10/17/2019) |
| 10/17/2019 | 82 | Order Setting Trial and Related Deadlines as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson. Jury Trial is hereby set for 12/2/2019 through 12/12/2019 commencing at 09:00 AM each day in Courtroom 3 before Chief Judge Shelly D. Dick. All other deadlines are as outlined in the attached Notice. Signed by Chief Judge Shelly D. Dick on 10/17/19. (BKA) (Entered: 10/17/2019) |
| 10/23/2019 | 83 | NOTICE TO COUNSEL RESETTING JURY TRIAL as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson: Jury Trial is hereby |

| | | |
|---|---|---|
| | | RESET for 11/4/2019 at 10:00 AM through 11/15/2019 in Courtroom 3 before Chief Judge Shelly D. Dick. All other deadlines are as outlined in the attached Amended Notice. (BKA) (Entered: 10/23/2019) |
| 10/25/2019 | 84 | NOTICE of Intent to Enter Plea as to Raymond B Mathews (Stevens, Alan) (Entered: 10/25/2019) |
| 10/27/2019 | 87 | Proposed Jury Instructions by USA as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson (Stevens, Alan) (Entered: 10/27/2019) |
| 10/27/2019 | 88 | Proposed Voir Dire Questions by USA as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson (Stevens, Alan) (Entered: 10/27/2019) |
| 10/28/2019 | 90 | ORDER granting 86 Motion to Continue as to Brandon J Gassett (2), Frank Jackson (5). The trial in this matter is hereby continued without date. Once the Court has conducted the re-arraignments necessitated by recent filings, the Court will schedule a status conference with counsel for all remaining parties and set a new trial date and other trial-related deadlines. Signed by Chief Judge Shelly D. Dick on 10/28/2019. (ELW) (Main Document 90 replaced on 10/29/2019) (ELW). Modified on 10/29/2019 to add jury routing (ELW). (Entered: 10/28/2019) |
| 10/29/2019 | 91 | NOTICE OF RE-ARRAIGNMENT as to Raymond B Mathews: Re-Arraignment set for 11/4/2019 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick.<br><br>*Counsel for the United States shall submit to the court, not later than FORTY-EIGHT HOURS prior to the date of the arraignment, any documents to be used during the arraignment, including, but not limited to the following: (1)waiver of indictment (2) bill of information(3) signed copy of plea agreement and (4) any written factual basis to be read into the record or used by any witness.The United States Attorney is responsible for issuing any necessary writ to obtain defendants presence at this hearing. Should the U.S. Marshal determine that a writ is necessary to obtain the defendants presence and that no writ has been received, the U.S. Marshal shall immediately advise the U.S. Attorney to deliver such writ in sufficient time to cause the defendants presence at such hearing.*<br><br>Evidence, in electronic format, shall be provided in accordance with Local Criminal Rule 55 and Administrative Procedures.<br><br>(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BKA) (Entered: 10/29/2019) |
| 10/31/2019 | 101 | Unopposed MOTION to Continue Re-arraignment by Raymond B Mathews. (Baum, J.) Modified on 10/31/2019 to edit text (LLH). (Entered: 10/31/2019) |
| 11/01/2019 | 102 | ORDER granting 101 Motion to Continue as to Raymond B Mathews (3): Re-Arraignment set for 11/4/2019 is hereby CANCELED and RESET for 11/21/2019 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick. Signed by Chief Judge Shelly D. Dick on 11/1/19.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 11/01/2019) |
| 11/21/2019 | 119 | MINUTE ENTRY for proceedings held before Chief Judge Shelly D. Dick: Re-Arraignment as to Raymond B Mathews held on 11/21/2019. The dft is released with conditions.(Court Reporter Shannon Thompson.) (BKA) (Entered: 11/21/2019) |
| 11/21/2019 | | Plea entered by Raymond B Mathews (3) Guilty as to Count 1. (BKA) (Entered: 11/21/2019) |
| 11/21/2019 | 120 | PLEA AGREEMENT as to Raymond B Mathews. (EDC) (Entered: 11/21/2019) |

| 11/21/2019 | 121 | SEALED Supplement by USA as to Raymond B Mathews. (LLH) (Entered: 11/21/2019) |
|---|---|---|
| 02/14/2020 | 139 | NOTICE of Presentence Report Disclosure filed by USPO as to Raymond B Mathews *Pursuant to Local Rule 32(b), sentencing memoranda are no longer submitted to the U.S. Probation Office for filing, but should be filed by counsel, under SEAL, with counsel providing copies to the U.S. Probation Office and opposing counsel, at least fourteen days prior to the sentencing date.* (Metzger, Levi) (Entered: 02/14/2020) |
| 02/14/2020 | 140 | ***SEALED Presentence Investigation Report filed by USPO as to Raymond B Mathews. (For your free look at document, enter your Individual PACER login and pw to confirm your right to view) (Metzger, Levi) (Entered: 02/14/2020) |
| 03/16/2020 | 158 | NOTICE OF SENTENCING as to Raymond B Mathews: Sentencing set for 4/23/2020 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick.<br><br>*The United States Attorney is responsible for issuing any necessary writ to obtain defendant's presence at this hearing. Should the U.S. Marshal determine that a writ is necessary to obtain defendant's presence and that no writ has been received, the U.S. Marshal shall immediately advise the U.S. Attorney to deliver such writ in sufficient time to cause the defendant's presence at such hearing.*<br><br>Evidence, in electronic format, shall be provided in accordance with Local Criminal Rule 55 and Administrative Procedures.<br><br>(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 03/16/2020) |
| 03/23/2020 | 159 | ***SEALED Revised Presentence Report filed by USPO as to Raymond B Mathews. (For your free look at document, enter your Individual PACER login and pw to confirm your right to view) (Metzger, Levi) (Entered: 03/23/2020) |
| 03/23/2020 | 160 | ***SEALED Presentence Report Addendum filed by USPO as to Raymond B Mathews. (For your free look at document, enter your Individual PACER login and pw to confirm your right to view) (Metzger, Levi) (Entered: 03/23/2020) |
| 04/15/2020 | 167 | NOTICE TO COUNSEL RESETTING HEARING as to Raymond B Mathews: Sentencing set for 4/23/2020 is hereby CANCELED and RESET for 5/27/2020 at 10:00 AM in Courtroom 3 before Chief Judge Shelly D. Dick.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 04/15/2020) |
| 05/05/2020 | 173 | NOTICE TO COUNSEL as to Raymond B Mathews: The Sentencing in this matter is on the Court's docket for an in-person hearing on 5/27/2020 at 10:00 a.m. before the Honorable Chief District Judge Shelly D.Dick. In the interest of public health during the COVID-19 pandemic, this Courts General Administrative Order NO. 2020-7, dated May 1, 2020, suspends all in-person Court appearances through June 30, 2020. Therefore, if the Parties wish to proceed on the date assigned, you must file a Motion to convert the Sentencing hearing to a video conference hearing and cite the grounds which make further delays adverse to the interests of justice. Please note, however, if the Parties move to reset as a video conference hearing, the date and time is subject to change due to our coordinating efforts amongst the judges to schedule multiple video hearings with the local jails holding federal offenders.<br><br>Evidence, in electronic format, shall be provided in accordance with Local Criminal Rule 55 and Administrative Procedures. |

| | | |
|---|---|---|
| | | (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 05/05/2020) |
| 05/13/2020 | 178 | NOTICE TO COUNSEL RESETTING HEARING as to Raymond B Mathews: In light of this Court's Amended Administrative Order 2020-7 dated 5/1/2020, the Sentencing set for 5/27/2020 is hereby CANCELED and RESET for 7/21/2020 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 05/13/2020) |
| 05/29/2020 | 181 | MOTION for Entry of Preliminary Order of Forfeiture by USA as to Raymond B Mathews. (Attachments: # 1 Memorandum in Support, # 2 Proposed Pleading;, # 3 Exhibit)(Casey, John) (Entered: 05/29/2020) |
| 06/30/2020 | 191 | NOTICE TO COUNSEL as to Raymond B Mathews: The Sentencing in this matter is on the Court's docket for an in-person hearing on 7/21/2020 at 9:30 Am before the Honorable Chief District Judge Shelly D. Dick. In the interest of public health and safety during the COVID-19 pandemic, this Court's General Administrative Order NO. 2020-8, dated June 30, 2020, and the authority under the CARES Act, this Court finds that recent increases in the incident rates of the virus within the Middle District warrants proceedings by video conference. For reasons of health and safety, the Court will not conduct the currently scheduled Sentencing in open-court and it is hereby CANCELED. If the Defendant wishes to proceed by video conference on the date assigned or as soon as practical, the Defendant must file a Motion to convert the Sentencing to a video conference hearing AND cite the grounds which make further delays adverse to the interests of justice. Please note, however, if the Defendant moves to reset the proceeding as a video conference hearing, the date and time may be subject to change due to the need to coordinate efforts to schedule multiple video hearings with the local detention facilities.<br><br>Evidence, in electronic format, shall be provided in accordance with Local Criminal Rule 55 and Administrative Procedures.<br><br>(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 06/30/2020) |
| 07/08/2020 | 199 | NOTICE OF SENTENCING as to Raymond B Mathews: Sentencing set for 9/17/2020 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick.<br><br>*The United States Attorney is responsible for issuing any necessary writ to obtain defendant's presence at this hearing. Should the U.S. Marshal determine that a writ is necessary to obtain defendant's presence and that no writ has been received, the U.S. Marshal shall immediately advise the U.S. Attorney to deliver such writ in sufficient time to cause the defendant's presence at such hearing.*<br><br>Evidence, in electronic format, shall be provided in accordance with Local Criminal Rule 55 and Administrative Procedures.<br><br>(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 07/08/2020) |
| 07/21/2020 | 205 | ORDER granting 181 Motion for Entry of Preliminary Order of Forfeiture as to Raymond B Mathews (3). Signed by Chief Judge Shelly D. Dick on 7/21/2020. (SWE) (Entered: 07/21/2020) |
| 09/03/2020 | 212 | NOTICE TO COUNSEL RESETTING HEARING as to Raymond B Mathews: Sentencing set for 9/17/2020 is hereby CANCELED and RESET for 10/1/2020 at 02:30 PM BY VIDEO before Chief Judge Shelly D. Dick. Due to the current national |

| | | |
|---|---|---|
| | | emergency, the hearing will be initiated via ZoomGov video web conferencing. The defendant's consent to video conferencing will be requested at the beginning of the hearing. Counsel and all participants shall refer to the participant instructions for ZoomGov video teleconferencing. To comply with the CARES Act, defense counsel shall contact the defendant to confer privately to explain the proceedings and determine whether defendant consents to having the proceedings conducted via ZoomGov video teleconference. The U.S. Marshals Service shall notify the institution where the defendant is being held that the defendant is to be made available on 10/1/2020 at 02:30 PM for remote participation. The participant instructions for ZoomGov will be sent to counsel via separate e-mail by the Courtroom Deputy. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BKA) (Entered: 09/03/2020) |
| 09/25/2020 | 218 | SEALED Sentencing Memorandum filed by the Defense as to Raymond B Mathews. (Attachments: # 1 Attachment Family Pictures, # 2 Attachment Work and Family Letters) (Baum, J.) (Entered: 09/25/2020) |
| 09/30/2020 | 219 | Unopposed MOTION to Continue Sentencing by Raymond B Mathews. (Baum, J.) Modified on 9/30/2020 to edit the docket text (SWE). (Entered: 09/30/2020) |
| 09/30/2020 | 220 | ORDER granting 219 Motion to Continue as to Raymond B Mathews (3): Sentencing set for 10/1/2020 is hereby CANCELED and RESET for 11/19/2020 at 02:30 PM in Courtroom 3 before Chief Judge Shelly D. Dick. Signed by Chief Judge Shelly D. Dick on 9/30/2020. (BKA) (Entered: 09/30/2020) |
| 11/02/2020 | 231 | NOTICE TO COUNSEL RESETTING HEARING as to Raymond B Mathews: Due to a Court scheduling conflict, Sentencing set for 11/19/2020 is hereby CANCELED and RESET for 12/10/2020 at 02:30 PM by video before Chief Judge Shelly D. Dick. Due to the current national emergency, the hearing will be initiated via ZoomGov video web conferencing. The defendant's consent to video conferencing will be requested at the beginning of the hearing. Counsel and all participants shall refer to the participant instructions for ZoomGov video teleconferencing. To comply with the CARES Act, defense counsel shall contact the defendant to confer privately to explain the proceedings and determine whether defendant consents to having the proceedings conducted via ZoomGov video teleconference. The participant instructions for ZoomGov will be sent to counsel via separate e-mail by the Courtroom Deputy. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BKA) (Entered: 11/02/2020) |
| 11/24/2020 | 235 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson: Sentencing before Judge Shelly D. Dick held on 07/02/2020. Court Reporter: Shannon L. Thompson, CCR, Telephone number 225-389-3567.<br><br>NOTICE RE: REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.lamd.uscourts.gov.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/15/2020. Redacted Transcript Deadline set for 12/28/2020. Release of Transcript Restriction set for 2/22/2021. (Thompson, Shannon) (Entered: 11/24/2020) |
| 12/01/2020 | 237 | MOTION/ Request for in Court Sentencing Hearing by Raymond B Mathews (Baum, J.) |

| | | Modified on 12/2/2020 to edit event and text (LLH). (Entered: 12/01/2020) |
|---|---|---|
| 12/02/2020 | 238 | ORDER granting 237 Motion to Continue as to Raymond B Mathews (3): Sentencing set for 12/10/2020 by video is hereby CANCELED and RESET for 3/4/2021 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick.. Signed by Chief Judge Shelly D. Dick on 12/2/2020.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 12/02/2020) |
| 01/11/2021 | 241 | MOTION for Permission to Leave District by Raymond B Mathews. (Baum, J.) Modified on 1/12/2021 (NLT). (Entered: 01/11/2021) |
| 01/12/2021 | 242 | ORDER granting 241 Motion for Permission to Leave District as to Raymond B Mathews (3). Raymond Mathews is hereby granted permission to travel outside the jurisdiction of his district of supervision on the dates of January 14, 2021 thru January 18, 2021 to attend his mother's wedding. Signed by Chief Judge Shelly D. Dick on 1/12/2021. (EDC) (Entered: 01/12/2021) |
| 02/11/2021 | 245 | NOTICE TO COUNSEL RESETTING HEARING as to Raymond B Mathews: In light of Rec. Doc. 237 and due to the current national emergency with respect to the COVID-19 virus, Sentencing set for in person on 3/4/2021 is hereby RESET for 5/6/2021 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 02/11/2021) |
| 05/03/2021 | 246 | MOTION to Continue Sentencing by Raymond B Mathews. (Baum, J.) (Entered: 05/03/2021) |
| 05/03/2021 | 247 | ORDER granting 246 Motion to Continue sentencing. The sentencing in this matter is continued to a date to be determined by the court at a later time. Signed by Chief Judge Shelly D. Dick on 5/3/2021. (ELW) Modified on 5/4/2021 to edit the text (NLT). (Entered: 05/03/2021) |
| 05/04/2021 | 248 | NOTICE OF SENTENCING as to Raymond B Mathews: Sentencing set for 6/2/2021 at 09:00 AM in Courtroom 3 before Chief Judge Shelly D. Dick. <br><br> *The United States Attorney is responsible for issuing any necessary writ to obtain defendant's presence at this hearing. Should the U.S. Marshal determine that a writ is necessary to obtain defendant's presence and that no writ has been received, the U.S. Marshal shall immediately advise the U.S. Attorney to deliver such writ in sufficient time to cause the defendant's presence at such hearing.* <br><br> Evidence, in electronic format, shall be provided in accordance with Local Criminal Rule 55 and Administrative Procedures. <br><br> (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.)(BKA) (Entered: 05/04/2021) |
| 05/10/2021 | 249 | Unopposed MOTION to Continue *Sentencing* by USA as to Raymond B Mathews. (Stevens, Alan) (Entered: 05/10/2021) |
| 05/10/2021 | 250 | ORDER granting 249 Motion to Continue as to Raymond B Mathews (3): Sentencing set for 6/2/2021 is hereby CANCELLED and RESET for 6/9/2021 at 09:30 AM in Courtroom 3 before Chief Judge Shelly D. Dick. Signed by Chief Judge Shelly D. Dick on 5/10/2021.(This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry.) (BKA) (Entered: 05/10/2021) |
| 06/09/2021 | 255 | MINUTE ENTRY for proceedings held before Chief Judge Shelly D. Dick: Sentencing held on 6/9/2021 as to Raymond B Mathews. The dft is released with conditions.(Court |

| | | |
|---|---|---|
| | | Reporter Shannon Thompson.) (BKA) (Main Document 255 replaced per chambers request on 6/9/2021) (SWE). (Entered: 06/09/2021) |
| 06/09/2021 | 256 | Order to Surrender as to Raymond B Mathews. Signed by Chief Judge Shelly D. Dick on 6/9/2021. (KMW) (Entered: 06/09/2021) |
| 06/14/2021 | 257 | ORDER as to Raymond B Mathews: The defendant, Raymond B. Mathews, a/k/a Bo and Boot, shall return all location monitoring equipment to the supervising U.S. Probation and Pretrial Services Office on July 16, 2021. Signed by Chief Judge Shelly D. Dick on 6/13/2021. (EDC) (Entered: 06/14/2021) |
| 07/01/2021 | 262 | JUDGMENT as to Raymond B Mathews (3), Count(s) 1, Imprisonment for a total term of 48 months. Supervised release for a term of five years. Assessment in the amount of $100.00. Restitution in the amount of $224,068.00. Signed by Chief Judge Shelly D. Dick on 7/1/2021. (SWE) (Entered: 07/01/2021) |
| 07/01/2021 | | DISMISSAL OF COUNTS on Government Motion as to Raymond B Mathews. (This is a TEXT ENTRY ONLY. There is no hyperlink or PDF document associated with this entry) (SWE) (Entered: 07/01/2021) |
| 07/01/2021 | 263 | GENERAL ORDER as to Raymond B Mathews: All pleadings and other papers filed under seal in civil and criminal actions shall be maintained under seal for thirty days following final disposition of the action. After that time, all sealed pleadings and other papers shall be placed in the case record unless a District Judge or Magistrate Judge, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal.<br><br><span style="color:blue">The deadline for filing any motions regarding the unsealing of any document shall be within thirty days of the final disposition of any action and shall contain a concise statement of reasons for maintaining the pleading or other paper under seal.</span><br><br><span style="color:red">ATTENTION: If a motion to retain documents under seal is NOT filed, all documents shall be placed in the public case record, unless specifically identified in the attached General Order.</span><br><br>Signed by Chief Judge Shelly D. Dick on 7/8/2019. (SWE) (Entered: 07/01/2021) |
| 11/15/2022 | 297 | MOTION Requesting Authorization to Dispose of Certain Evidence Seized During Investigation by USA as to Michael D Gibbs, Brandon J Gassett, Raymond B Mathews, Geoffrey D Green, Frank Jackson. (Stevens, Alan) Modified on 11/17/2022 to edit title of document (JEG). (Entered: 11/15/2022) |
| 11/28/2022 | 298 | ORDER granting 297 Motion Requesting Authorization to Dispose of Certain Evidence Seized During Investigation as to Michael D Gibbs (1), Brandon J Gassett (2), Raymond B Mathews (3), Geoffrey D Green (4), Frank Jackson (5). Signed by Chief Judge Shelly D. Dick on 11/28/2022. (SWE) (Entered: 11/28/2022) |
| 01/26/2024 | 301 | ORDER Granting Request for Modifying the Conditions or Term of Supervision with Consent of the Offender and Waiver as to as to Raymond B Mathews. Signed by Chief Judge Shelly D. Dick on 1/26/2024. (EDC) (Entered: 01/26/2024) |
| 07/25/2024 | 325 | ORDER on Request for Modifying the Conditions or Terms of Supervision with Consent as to Raymond B Mathews. Signed by Chief Judge Shelly D. Dick on 07/25/2024. (ELW) (Entered: 07/25/2024) |

**Case #: 3:18-cr-00164-SDD-EWD**